IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JIMMY MACK and CHRISTINE CALDERON, | ) | SA-13-CV-01104-DAE |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST NATIONAL BANK, GLENDORA OAKS, LLC and FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First National Bank, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANT'S OPPOSED MOTION TO SET
MOTION TO DISMISS FOR SUBMISSION; (2) GRANTING DEFENDANT'S
<u>MOTION TO DISMISS</u>

Before the Court is a Motion to Dismiss Plaintiffs' Claims for Failure

to Exhaust Administrative Remedies (Dkt. # 7) and a Motion to Set Motion to

Dismiss For Submission (Dkt. # 9) filed by the Federal Deposit Insurance

Corporation ("FDIC"), as Receiver for Defendant First National Bank.   Pursuant to

Local Rule 7(h), the Court finds this matter suitable for disposition without a

hearing.    For the reasons outlined herein, the Court **GRANTS** the FDIC's

Motions.

BACKGROUND

Christine Calderon and Jimmy Mack ("Plaintiffs") filed the underlying lawsuit in state court against Defendants First National Bank and Glendora Oaks, LLC ("Defendants") on November 1, 2010.   (Dkt. # 1.)   After First National Bank was closed, the FDIC was appointed as Receiver.   The FDIC removed the case to district court.   (Id.)

On March 5, 2014, the FDIC filed a Motion to Dismiss that is now before the Court.   ("Mot.," Dkt. # 7.)   On May 2, 2014, the FDIC filed a motion requesting the Court to cancel the hearing and hear by submission its Motion to Dismiss.   (Dkt. # 9.)   The FDIC asserts that the Motion to Dismiss does not merit a hearing because (1) Plaintiffs filed no response and no countervailing evidence was filed, and (2) the issues raised in the Motion to Dismiss are jurisdictional and involve the application of federal law to uncontroverted facts.   (Id.)

DISCUSSION

Federal statutes govern how the FDIC designates claims entitled to federal deposit insurance.   12 U.S.C. § 1821(f).   The FDIC insures the deposits of banking institutions and processes the insurance claims of failed banks.   Id. § 1821(a), (f).   Subsection (d) of 12 U.S.C. § 1821 provides for the powers and duties of FDIC as receiver including granting the FDIC, as receiver, the power to "determine claims in accordance with the requirements of this subsection . . . ."

2

Id. § 1821(d)(3).   The chapter also provides that the FDIC "shall determine whether to allow or disallow [a] claim and shall notify the claimant of any determination with respect to such claim."   Id. § 1821(d)(5)(A)(i).

The Fifth Circuit maintains that there is an exhaustion requirement in the § 1821(d) procedures for presenting creditors' claims to FDIC as receiver. DeCell & Assoc. v. FDIC, 36 F.3d 464, 468 (5th Cir. 1994); Meliezer v. Resolution Trust Co., 952 F.2d 879, 881–82 (5th Cir. 1992).   Thus, Plaintiffs must exhaust the administrative claims procedures before they may pursue any claims against the FDIC in court.   DeCell, 36 F.3d at 468; Meliezer, 952 F.2d at 881–82; see also 12 U.S.C. § 1821(d).

The FDIC, as receiver, has a 180-day statutory period to determine whether to allow or disallow claims.   12 U.S.C. § 1821(d)(5).   If the claim is denied, or the 180-day statutory determination period has expired, a claimant may seek judicial review.   Id. § 1821(d)(6)(A).

Pursuant to 12 U.S.C. § 1821(d)(3)(B), the FDIC set a date of December 18, 2013 for the deadline for persons to file claims against FNB.   (Mot., Ex. B.)   On December 16, 2013, the FDIC filed a motion to stay for a period of 180 days from the filing of Plaintiffs' claim or ten days after the FDIC has tendered a final determination of the claim, whichever is earlier.   (Dkt. # 2 at 4.)   The motion was granted by this Court, imposing a stay.   (Dkt. # 4.)

3

On February 26, 2014, the FDIC filed the Motion to Lift Stay, asserting that because Plaintiffs have failed to file a claim within the time provided, there is no longer a need to stay proceedings for a period of 180 days.   (Dkt. # 5.) Specifically, the FDIC asserted that December 18, 2013 was the deadline for persons seeking recovery from First National Bank to file claims against the FDIC and Plaintiffs did not timely file a claim.   (Id. at 2.)   Therefore, because claims filed after the deadline must be disallowed under 12 U.S.C. § 1821(d)(5)(C)(i), continuing the stay did not serve a purpose.

On March 5, 2014, the Court granted the motion (Dkt. # 6), ordering the Clerk to docket the FDIC's Motion to Dismiss that is now before this Court. Also in the order lifting stay, the Court ordered Plaintiffs to respond to FDIC's Motion to Dismiss within fourteen days of its filing.   (Id.)   Plaintiffs have not responded.

According to the FDIC's records, neither Plaintiff filed a claim with the FDIC on or before December 18, 2013.   In support, FDIC has attached the affidavit of Lewis D. Nelson, Resolutions and Receiverships Specialist, FDIC Division of Resolutions and Receiverships.   (Mot., Ex. B.)   Nelson avers that the FDIC's records confirm that letters were sent to the last known addresses for Plaintiffs on September 24, 2013, providing notice of the deadline to file a proof of claim against the FDIC as Receiver for First National Bank.   (Id.)   After a thorough review the

4

FDIC's records, Nelson states that he has found no claims filed by either Plaintiff relating to First National Bank, Edinburg, Texas, Receivership Identification Number 10488. (Id.)

Plaintiff's failure to file a claim with the FDIC bars the Court's jurisdiction over this matter.   F.D.I.C. v. Scott, 125 F.3d 254, 257 (5th Cir. 1997). The Court agrees with the FDIC that there are no legal issues to argue.   Only evidence of a timely-filed claim can prevent dismissal.   Id.   ("If Congress itself imposes an exhaustion requirement, court must enforce its express terms . . . [i]n such cases, failure by a claimant to exhaust deprives federal courts of jurisdiction." (internal citations omitted)).   Without timely filed claims, this Court's jurisdiction has not been invoked.   Id.   Because the Court finds that it does not have jurisdiction to hear the instant case, and because there are no factual issues to be discussed in a hearing, the Court dismisses Plaintiff's claim.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** the FDIC's motion (Dkt. # 9) to hear by submission its motion to dismiss, and hereby **VACATES** the hearing (Dkt. # 8).   The Court **GRANTS** the FDIC's Motion to Dismiss (Dkt. # 7.)

IT IS SO ORDERED.

Dated: San Antonio, Texas, June 11, 2014.

_____
David Alan Ezra
Senior United States Distict Judge

6